OROZCO, Judge,
dissenting:
¶ 13 The Majority admirably analyzes the relevant law concerning this special action. I respectfully disagree, however, with their application of that law to these facts. In sum, I believe the facts here establish “the something more” than Everest’s mere consultation with counsel, and, as a result, I would decline jurisdiction over this special action.
¶ 14 Generally, I agree with the Majority’s conclusion that simply asserting a subjective good faith defense does not, by itself, waive the attorney-client privilege. I also agree with the Majority’s reading of Mendoza as narrowly applying Lee to Mendoza’s particular facts, as opposed to Rudolfo’s proffered reading that suggests Mendoza establishes automatic waiver of privilege upon asserting subjective good faith.
¶ 15 The Majority and I part ways on the conclusion that “Everest has not asserted as a defense, at least not yet, that it depended on advice of counsel in forming its subjective beliefs[.]” Supra at ¶ 11. Everest has asserted in its initial disclosure statement and in response to interrogatories that it acted in good faith by reaching the settlement at issue. Additionally, the Majority fails to men *507 tion that not only did Everest consult counsel regarding the settlement negotiations, counsel also participated in those negotiations on Everest’s behalf. In my view, such participation indicates that Everest’s counsel did more than provide advice, counsel was directly involved in the relevant events. Counsel’s participation, along with Everest’s assertion of subjective good faith, is an affirmative interjection of counsel’s role in formulating and acting upon Everest’s subjective good faith in this litigation. See Empire West Title Agency, L.L.C. v. Talamante, 234 Ariz. 497, 499, ¶10, 323 P.3d 1148, 1150 (2014) (citing Lee, 199 Ariz. at 62, ¶ 28, 13 P.3d at 1179) (noting that Lee requires “the party claiming the privilege must affirmatively interject the issue of advice of counsel into the litigation” (internal quotations omitted)).
¶ 16 By ignoring Everest’s counsel’s involvement with settlement negotiations in their application of Lee and Mendoza, the Majority essentially enforces, to borrow from Justice Feldman, a “magical admission” standard that requires a party to formally state it actually relied on counsel before the attorney-client privilege can be impliedly waived. See Lee, 199 Ariz. at 64, ¶ 32,13 P.3d at 1181. Lee rejected such a framework, however. See id. at 64-65, ¶¶ 32-33, 13 P.3d at 1181-82. Lee does not require an affirmative interjection in the sense that an implied waiver occurs only when a party explicitly states it relied on counsel. Rather, as applied in Mendoza and Lee itself, whether an affirmative interjection occurred that waives the privilege depends on the facts. See id., 199 Ariz. at 67, ¶ 40, 13 P.3d at 1184 (concluding that the trial court’s “characterization of State Farm’s position was reasonably correct under Arizona law”); Mendoza, 222 Ariz. at 152, ¶ 41, 213 P.3d at 301 (“Applying Lee to the facts of this case ...”).
¶ 17 The Majority correctly reads Mendoza as a fact-based application of Lee, but it declines to perform a similar analysis here, opting instead to rely on the form of Everest’s assertions instead of the substance of the facts before us. We need not apply Lee so mechanically. It is true that Everest has not yet explicitly stated that it relied on counsel in acting with subjective good faith, but its actions are proof enough. Counsel’s participation in settlement negotiations shows Everest’s actions are “inextricably intertwined” with the advice it received from counsel. See Lee, 199 Ariz. at 60, ¶23, 13 P.3d at 1177. Accordingly, I disagree that Everest is entitled to relief, and I respectfully dissent.