NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

BREANNA RICE, *Petitioner/Appellee*,

*v.*

ANDREW RULNICK, *Respondent/Appellant*.

No. 1 CA-CV 23-0536 FC
FILED 5-16-2024

Petition for Special Action from the Superior Court in Maricopa County
No. FC2022-091124
The Honorable William R. Wingard, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

APPEARANCES

Andrew Rulnick, Copley, OH
*Respondent/Appellant*

Udall Shumway PLC, Mesa
By Sheri D. Shepard
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C A M P B E L L**, Judge:

¶1        Andrew Rulnick (Husband) appeals from the post-decree order denying his "motion for continuation [and] reconsideration." In the exercise of our discretion, we treat the appeal as a special action and accept jurisdiction but deny relief.

## BACKGROUND

¶2        Husband and Breanna Rice (Wife) married in 2018 and have one child. Soon after Wife petitioned for dissolution in 2022, Husband moved to Ohio.

¶3        Lengthy discovery disputes over Husband's mental-health records and financial documents followed. Ultimately, the superior court denied Husband's request for additional time to comply with the discovery requests. The court struck his response to the dissolution petition as a sanction, ordering Wife to proceed by default. That ruling is not part of this appeal.

¶4        Three days before the scheduled default hearing, Husband filed a "motion for continuation [and] reconsideration." Husband asked for a continuance of the "upcoming court date[,]" which we understand to mean the default hearing. He argued he needed more time to review unspecified transcripts and to resolve the "jurisdictional issue" in an Ohio court, where he had a pending petition to intervene. He argued that jurisdiction should be in Ohio because the Arizona court did not provide adequate accommodations for his high-functioning autism spectrum disorder.

¶5        The superior court denied Husband's motion one day *after* the default hearing and *after* entry of the default decree. Husband did not appeal from the order striking his response and allowing Wife to proceed by default. Nor does he appeal the default decree, but only the denial of his "motion for continuation [and] reconsideration."

## JURISDICTION

**¶6** This court has an independent duty to determine our jurisdiction over matters on appeal. *Ghadimi v. Soraya,* 230 Ariz. 621, 622, ¶ 7 (App. 2012). We generally have jurisdiction over special orders entered after final judgment, here the decree. A.R.S. § 12-2101(A)(2). That said, to be appealable, a post-judgment order must (1) raise issues different from the issues that would arise from an appeal from the decree and (2) "'affect the judgment or relate to it by enforcing it or staying its execution.'" *Arvizu v. Fernandez,* 183 Ariz. 224, 226–27 (App. 1995) (citation omitted). Husband's appeal does neither. Husband does not appeal from the entry of the decree,[1] nor does he seek to enforce or stay the decree. Instead, Husband appeals the denial of his request for a continuance. Thus, the order is not appealable under A.R.S. § 12-2101(A)(2). *Id.* Even so, we exercise our discretion to treat the appeal as a special action. *See id.* at 227.

## DISCUSSION

**¶7** We view the facts in the light most favorable to affirming the superior court's ruling. *Sholes v. Fernando,* 228 Ariz. 455, 457, ¶ 2 (App. 2011). We disregard Husband's statement of facts because it fails to provide appropriate record citations as required under Arizona Rule of Civil Appellate Procedure (ARCAP) 13(a)(5). *See Sholes,* 228 at 457, ¶ 2 n.2. Instead, we rely on Wife's statement of facts and our independent review of the record.

**¶8** Husband's opening brief lacks a statement of the case and a statement of the issues, and for the most part fails to include citations to the record or legal citations. *See* ARCAP 13(a)(2), (4), (6), (7). These deficiencies hinder our ability to evaluate Husband's arguments. Because we prefer to decide cases on the merits, we deny Wife's request to deem the appeal abandoned and address Husband's arguments to the best of our ability. *See Clemens v. Clark,* 101 Ariz. 413, 414 (1966). We review the superior court's denial of the "motion for continuation [and] reconsideration" for an abuse of discretion. *Dykeman v. Ashton,* 8 Ariz. App. 327, 330 (1968) (motion for continuance ruling reviewed for abuse of discretion); *Tilley v. Delci,* 220 Ariz. 233, 238, ¶ 16 (App. 2009) (motion for reconsideration ruling reviewed for abuse of discretion).

---

[1] Husband could have appealed from the decree because the court proceeded by default as a sanction for his disclosure violations. *See Sears Roebuck & Co. v. Walker,* 127 Ariz. 432, 435–36 (App. 1980).

## I.      Jurisdictional Issue: Change of Venue

**¶9**          Husband asked the superior court to confer with the Ohio court about a change of venue. He asserted that the Arizona court failed to provide adequate accommodations for his special needs. He now asks this court for a change of venue to Ohio based on the same assertions, and argues that aspects of Ohio law and Ohio courts "potentially offer[] a more stable and accommodating environment for his case." He argues, generally, that a venue change is necessary for fairness and impartiality.

**¶10**          Husband fails to establish how Ohio would have jurisdiction here. Husband argues the Arizona court failed to provide Americans with Disabilities Act accommodations that he may have access to in an Ohio court. But, he fails to establish how Ohio would have jurisdiction even if additional accommodations were available. Both parties lived in Arizona before the dissolution was filed. *See* A.R.S. § 25-1032 (domicile and contact requirements for continuing, exclusive jurisdiction over custody determination). Arizona is also the home state of the parties' child: she has lived exclusively in Arizona since she was born, three years immediately before the petition was filed. *See* A.R.S. §§ 25-1031(A)(1), -1002(7); *Welch-Doden v. Roberts*, 202 Ariz. 201, 208–09, ¶ 33 (App. 2002). Husband's voluntary relocation to Ohio does not establish or alter jurisdiction over his dissolution matter. *Welch-Doden*, 202 Ariz. at 209–10, ¶ 39 (no possibility of competing jurisdictional claims where there is a home state).

**¶11**          Because Husband's request for a continuance was based on the necessity for more time to explore a change of venue to Ohio, and the court found no legal grounds to justify his request, the court properly denied his "motion for continuation [and] reconsideration" for lack of good cause. We agree and affirm the superior court's ruling.

## II.     Arguments Not at Issue in This Appeal

**¶12**          Husband makes additional arguments that were not the subject of the order he appeals. The order denying his continuance, which is at issue here, did not address Husband's mental-health records, alternate dispute resolution, misconduct by Wife, or criminal charges in other cases. Because Husband only appeals the denial of his continuance, these arguments are waived. *J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021) (holding failure to develop arguments on appeal with legal authority or record citations constitutes waiver); *see also Ruesga v. Kindred Nursing Ctrs. West, L.L.C.*, 215 Ariz. 589, 599, ¶ 38 (App. 2007) ("[O]ur

review on appeal is limited to the rulings specified in the notice of appeal."). Moreover, on the merits, Husband has shown no error.

## A.    Husband's Medical Records

¶13        Wife sought discovery of Husband's mental-health records. Husband was not forthcoming with these records, seemingly asserting the physician-patient privilege. We review de novo the waiver of evidentiary privilege. *Empire W. Title Agency, L.L.C. v. Talamante*, 234 Ariz. 497, 498–99, ¶ 8 (2014). Consistent with *J.F. v. Como,* 253 Ariz. 400, 406, ¶ 32 (App. 2022) (citing *Bain v. Superior Court (Mills),* 148 Ariz. 331, 334 (1986)), the superior court found that Husband waived the physician-patient privilege by admitting a letter from his physician assistant specializing in psychiatry at the temporary orders hearing and stating his intention to call his therapist to testify at trial. Husband does not challenge the relevance of his mental-health records. *See id.* at 405, ¶ 28 (holding a parent's mental health is relevant in determining legal decision-making authority). And, the court properly limited its disclosure order to one year before the filing of the petition. The court also instructed Husband to submit any records he felt should not be disclosed to the court for an in-camera review. *See id.* at 407, ¶¶ 37–39.

¶14        Husband argues the superior court did not conduct an in-camera review of his mental-health records, affecting his right to privacy. Husband does not identify which records, if any, the court failed to review in-camera or cite any order denying his request to exclude any evidence. Nor does he show how the court erred in ordering disclosure of the report generated from a court-ordered assessment. Rather, the record shows Husband failed to produce any court-ordered mental-health records beyond the redacted court-ordered assessment report. For these reasons, he has shown no error.

## B.    Alternative Dispute Resolution

¶15        Husband asserts that the parties agreed to participate in conciliation services and an early resolution conference, but these never took place. Husband cites portions of hearings where various alternative dispute resolution options were discussed, but he does not identify a definitive alternative dispute resolution agreement or where the court ordered the parties to participate in these services. Husband similarly fails to adequately develop his argument or provide legal authority or record citations showing how the court erred.

### C.     Wife's Alleged Misconduct

**¶16**          Husband alleges that Wife violated preliminary orders in several different ways. However, Husband cites no evidence or record support, nor does he provide any supporting legal argument. Consequently, these arguments are waived. *See J.W.*, 252 Ariz. at 188, ¶ 11.

**¶17**          Husband also alleges he could not secure a business loan because Wife refused to cooperate and sign documents. He claims this resulted in a significant loss of income and damaged his relationship with the child. The superior court instructed Husband to provide documentation that Wife refused to sign, then the court would address the issue. Husband stated that he understood this instruction but failed to provide the court any evidence in support of his allegation. Because he failed to do so, this issue is also waived. *See id.*

### D.     Criminal Charges

**¶18**          Husband argues that he is innocent of the criminal charges against him in other matters. These issues relate to other cases and are not properly before this court in this appeal. *See Ruesga,* 215 Ariz. at 599, ¶ 38. Therefore, we do not further address or resolve this argument.

### ATTORNEY'S FEES AND COSTS ON APPEAL

**¶19**          Wife requests an award of attorney's fees and costs on appeal under A.R.S. § 25-324. Because we lack current information about the parties' financial circumstances, in the exercise of our discretion, we deny her request. Wife is entitled to her taxable costs on appeal under A.R.S. § 12-342 upon her compliance with ARCAP 21.

### CONCLUSION

**¶20**          We accept special action jurisdiction but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA