**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LESLIE R. HOWARD, | No. 12-15392 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01213-GMS |
| v. | |
| RJF FINANCIAL LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted August 14, 2013[**]

Before:    SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Leslie R. Howard appeals pro se from the district court's summary judgment

in his action alleging that defendant's debt collection efforts violated the Fair Debt

Collection Practices Act and an Arizona statute of limitations.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo both a dismissal under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the *Rooker-Feldman* doctrine and a summary judgment. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment under the *Rooker-Feldman* doctrine because Howard's action amounted to a forbidden "de facto appeal" of a state court judgment. *Id.* at 1163-65 (discussing *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void").

We treat the judgment as a dismissal without prejudice. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (dismissals under *Rooker-Feldman* are for lack of subject matter jurisdiction); *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissals for lack of subject matter jurisdiction should be without prejudice).

Howard's contentions concerning the district court's denial of his motion to strike Jennifer Ache's declaration are unpersuasive. *See Sea-Land Serv., Inc. v. Lozen Int'l, LLC*, 285 F.3d 808, 813 (9th Cir. 2002) ("We review for abuse of

discretion evidentiary rulings made in the context of summary judgment.").

**AFFIRMED.**