326 P.3d 335

**Haresh MIRCHANDANI and Indra Mirchandani, husband and wife, Plaintiffs/Appellants,**

**v.**

**BMO HARRIS BANK, N.A., successor to M & I Marshall & Ilsley Bank, a chartered banking institution; and Tradecor Desert Sky II, LLC, Defendants/Appellees.**

No. 1 CA–CV 12–0675.

Court of Appeals of Arizona, Division 1.

May 27, 2014.

Haresh Mirchandani, Indra Mirchandani, San Diego, CA, In Propria Persona Plaintiffs/Appellants.

Stinson Morrison Hecker LLP By Jeffrey J. Goulder, Stefan M. Palys, Phoenix, Counsel for Defendant/Appellee BMO Harris Bank, N.A.

Burch & Cracchiolo, P.A. By Daryl Manhart, Andrew Abraham, Casey Blais, Phoenix, Counsel for Defendant/Appellee Tradecor Desert Sky II, LLC.

Judge JOHN C. GEMMILL delivered the opinion of the Court, in which Presiding Judge SAMUEL A. THUMMA and Judge RANDALL M. HOWE joined.

## OPINION

GEMMILL, Judge.

¶ 1 Haresh Mirchandani and Indra Mirchandani ("Mirchandanis") appeal the trial court's dismissal of their complaint against BMO Harris Bank, N.A. ("BMO"), successor to Marshall & Ilsley Bank ("M & I"), and TradeCor Desert Sky II, LLC ("TradeCor"). We affirm the dismissal of the Mirchandanis' claims against TradeCor. We reverse the dismissal of their claims against BMO and remand for further proceedings.

### Facts and Procedural History

¶ 2 In reviewing the grant of a motion to dismiss, this court views the facts in the light most favorable to the non-moving party. *A. Uberti and C. v. Leonardo*, 181 Ariz. 565, 566, 892 P.2d 1354, 1355 (1995).

¶ 3 The Mirchandanis are the managing members of SS Quality Fuels, LLC ("Quality"), which operated a service station. In December 2007, Quality borrowed more than $2,000,000 from M & I, secured by deeds of trust against Quality's property and supported by personal guarantees from the Mirchandanis. BMO is the successor in interest to M & I.

¶ 4 In June 2009, Quality defaulted on its loan payments to BMO. In September 2009, BMO and Quality entered into a forbearance agreement to expire November 30, 2009, which indicated Quality still owed BMO more than $2,000,000. The parties extended the forbearance agreement through May 31, 2010. In April 2010, BMO sold and assigned

the deeds of trust on the Mirchandanis' property, the personal guarantees, and related rights to TradeCor for $1,250,000. TradeCor sued the Mirchandanis in August 2010 for breach of contract based on the personal guarantees, in Maricopa County Superior Court cause number CV2010–023633 ("the previous case"). The Mirchandanis answered, denied liability, and asserted affirmative defenses in their answer, but did not counterclaim. The superior court entered judgment against the Mirchandanis on their loan guarantees in January 2011.

¶ 5 The Mirchandanis filed the present action against BMO and TradeCor in November 2011. They alleged claims against BMO for breach of contract, promissory estoppel, negligent misrepresentation, fraud, and a violation of Arizona Revised Statutes ("A.R.S.") section 13–2314.04(A); plus a conspiracy claim against both BMO and TradeCor that alleged the defendants improperly recorded invalid documents in violation of A.R.S. § 33–420 (Count Six); and a claim against TradeCor seeking a temporary restraining order to prevent TradeCor from conducting a trustee's sale of the Mirchandanis' property (Count Seven). TradeCor moved to dismiss, arguing the Mirchandanis' present claims were barred because they should have been asserted as compulsory counterclaims in the previous case. BMO also moved to dismiss, arguing that it qualified as an "opposing party" under Arizona Rule of Civil Procedure 13(a) in the previous case because it was in privity with TradeCor as its assignor and was therefore entitled to the same res judicata protection arising from the Mirchandanis' failure to assert compulsory counterclaims in the previous case.

¶ 6 The superior court took judicial notice of the previous case, noting that the Mirchandanis failed to counterclaim, did not file a written response to TradeCor's motion for summary judgment, and did not object to the proposed form of judgment or seek relief under Rule 60. The court found that the Mirchandanis' present claims against TradeCor should have been asserted as compulsory counterclaims in the previous case and were therefore barred by claim preclusion. The court also extended the claim preclusion protection afforded TradeCor to BMO, finding the sale and assignment by BMO to TradeCor was sufficient to make BMO an "opposing party" under the compulsory counterclaim provisions of Rule 13(a).

## Analysis

¶ 7 The Mirchandanis argue that the claims asserted in the previous case were not compulsory counterclaims and therefore do not bar their claims in the present action. We apply a de novo standard when reviewing a trial court's granting of a motion to dismiss for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). Exhibits or public records appended to a complaint regarding matters within it are not "outside the pleading" and may be considered by the courts without converting a Rule 12(b)(6) into a motion for summary judgment. *Id.* at 356, ¶ 9, 284 P.3d at 867. We accept the well pled facts alleged in the complaint as true and will only affirm the dismissal if there is no legal theory that entitles the plaintiff to relief. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4, 954 P.2d 580, 582 (1998).

## TradeCor

¶ 8 The superior court correctly dismissed the conspiracy claim alleged against TradeCor as a compulsory counterclaim not pled in the previous case. "A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any *opposing party*, if it arises out of the transaction or occurrence that is the subject matter of the *opposing party's claim*." Ariz. R. Civ. P. 13(a) (emphasis added). Compulsory counterclaims arise from the same transaction or occurrence that was the subject matter of the opposing party's claim; and if such claims are not pled in the first action, they are waived and barred in any subsequent action under the doctrine of claim preclusion. *Lansford v. Harris*, 174 Ariz. 413, 418–19, 850 P.2d 126, 131–32 (App.1992). Whether a claim arises from the same "transaction or occurrence" is a flexible standard that is met when a logical relationship exists between the current cause of action and the previous

one. *Technical Air Products, Inc. v. Sheridan–Gray, Inc.*, 103 Ariz. 450, 452, 445 P.2d 426, 428 (1968) (holding that when two claims are "intimately bound up" in the subject matter of the dispute, a logical relationship exists, thereby creating compulsory counterclaims).

¶ 9 The trial court's order noted that "[i]t is hard to imagine a stronger case of a 'logical relationship' between claims." Regarding TradeCor, we agree. The same property, loans, and guarantees are at issue. The Mirchandanis' allegation that TradeCor conspired to wrongfully acquire their property is logically related to the underlying facts that gave rise to TradeCor's lawsuit to enforce the Mirchandanis' personal guarantees. The Mirchandanis' allegations against TradeCor of conspiracy and violation of A.R.S. § 33–420 (Count Six) should therefore have been asserted as a compulsory counterclaim under Rule 13(a) in the previous case.[1]

### BMO

¶ 10 Rule 13(a) requires the pleader to assert any counterclaims arising from the same transaction and occurrence against an "opposing party." Economy and efficiency are the overriding purposes of Rule 13(a), forcing parties to bring all the claims logically related to the main claim or else be barred from ever doing so in the future. *Occidental Chem. Co. v. Connor*, 124 Ariz. 341, 344–45, 604 P.2d 605, 608–09 (1979).

¶ 11 Applying the plain language of Rule 13(a), BMO was not a party in the previous case and the Mirchandanis could not have properly asserted a "counterclaim" against a nonparty. Had the Mirchandanis brought their claims against BMO, such claims would have been alleged in a third party complaint under Rule 14 rather than a counterclaim.

At any time after commencement of the action a defendant, as a third-party plaintiff, *may* cause a summons and complaint to be served upon a person *not a party* to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Ariz. R. Civ. P. 14(a) (emphasis added). Third party claims are permissive, not compulsory. *Id.; see also* 35A C.J.S. *Federal Civil Procedure* § 150 (2014) ("The right to bring in third parties, in an action in the federal courts, is permissive, not obligatory.") (construing textually similar Fed.R.Civ.P. 14). BMO was not a party to the original suit and therefore cannot have been an "opposing party" in the traditional sense, under Rule 13(a).

¶ 12 BMO argues that the phrase "opposing party" in Rule 13(a) has been construed liberally in other jurisdictions and urges us to do so here. "Where parties are functionally equivalent ..., where an unnamed party controlled the litigation, or where ... an unnamed party was the alter ego of the named party, they should be treated as opposing parties within the meaning of Rule 13." *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 391 (3d Cir.2002). In *Transamerica*, the court construed "opposing party" broadly to include a third party that had assumed the rights and obligations of the named party through corporate restructuring and which, for the purposes of the litigation, was equivalent in identity to the named party. *Id.* at 391–92.

¶ 13 We see no basis here to depart from the plain language of Rule 13(a). BMO was not an "opposing party" in the previous case and the Mirchandanis could not have asserted a "counterclaim" against a nonparty. Even if we chose to follow *Transamerica* in broadening the meaning of the term "opposing party," the exceptions recognized therein to the plain language of Rule 13(a) are very narrow and not applicable here. BMO, a bank, is a separate legal entity from and not functionally equivalent to TradeCor, a real estate development and investment business. The record contains no facts suggesting that BMO directed or controlled the litigation of the previous case between TradeCor and the Mirchandanis. Finally, any argument that BMO is somehow the alter ego of TradeCor

---

1. The Mirchandanis acknowledge that Count Seven against TradeCor, the claim for injunctive relief, is moot because the property has been sold.

lacks merit. It is not enough that BMO was the assignor of TradeCor.

¶ 14 For these reasons, the trial court erred in considering BMO as an opposing party for purposes of Rule 13(a) and in finding that the Mirchandanis' claims against BMO were compulsory counterclaims in the previous case.

¶ 15 BMO asserts additional arguments in support of dismissal that the trial court did not address in its ruling. Although we may affirm the grant of a motion to dismiss on any applicable basis, *see Yauch v. Southern Pacific Transp. Co.*, 198 Ariz. 394, 403, ¶ 25, 10 P.3d 1181, 1190 (App.2000), we are reluctant to rule on grounds that the trial court did not address, *cf. Rhoads v. Harvey Publ'ns, Inc.*, 131 Ariz. 267, 269, 640 P.2d 198, 200 (App.1981) (noting that the power to affirm a summary judgment on grounds not considered by the trial court "must be exercised with extreme caution"). In the exercise of our discretion and on this record, we decline to reach the arguments asserted by BMO that were not addressed by the trial court, recognizing that such issues may be considered upon remand. *See Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 62, ¶ 45, 290 P.3d 446, 455 (App.2012), *vacated in part on other grounds*, 232 Ariz. 344, 306 P.3d 1 (2013).

### Conclusion

¶ 16 We affirm the trial court's judgment dismissing the Mirchandanis' complaint against TradeCor, but we reverse the judgment of dismissal in favor of BMO and remand for further proceedings.

¶ 17 TradeCor requests an award of attorneys' fees on appeal, based on A.R.S. § 12–341.01, the contractual language of the personal guarantees, or as a sanction against the Mirchandanis for filing a frivolous appeal. The appeal is not frivolous, but we will award an amount of reasonable attorneys' fees and taxable costs to TradeCor upon its compliance with Arizona Rule of Civil Appellate Procedure (ARCAP) 21. Because the Mirchandanis prevailed on appeal against BMO, we will award the Mirchandanis' taxable costs on appeal against BMO, upon their compliance with ARCAP 21.