NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CITY OF MESA, *Petitioner*,

*v.*

THE HONORABLE ADAM DRIGGS, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

RICHARD CHARON, *Real Party in Interest*.

No. 1 CA-SA 24-0239
FILED 12-24-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2023-094290
The Honorable Adam Driggs, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Berke Law Firm, PLLC, Phoenix
By Lori V. Berke & Anelisa Benavides
*Counsel for Petitioner*

Law Offices of J. Scott Halverson, P.C., Tempe
By J. Scott Halverson
*Counsel for Real Party in Interest*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell joined. Judge Kent E. Cattani dissented.

---

**M c M U R D I E**, Judge:

¶1        The City of Mesa ("City") petitions this court for special action relief after the superior court denied its Motion to Dismiss for Failure to State a Claim based on immunity from suit under Arizona Revised Statutes ("A.R.S.") 12-820.05(B). We accept jurisdiction and grant relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Charon brought a civil suit with one count of battery against the City and fictitious defendants for his injuries. Charon alleges that in September 2022, Mesa City Police responded to a call directing them to Charon's house. During the call, officers intentionally fired "less lethal" beanbag rounds from shotguns at Charon. Multiple rounds hit Charon, causing "substantial injury" and "physical impairment." Charon claimed that shooting him with bean bags "was not justified because it exceeded the minimal amount of force which was necessary or reasonable to arrest [him]." He alleged the City's liability for battery through respondeat superior.

¶3        The City moved to dismiss under Arizona Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief could be granted. It contended that the alleged conduct would, "if taken as true, constitute the felony crime of aggravated assault." *See* A.R.S. § 13-1203 (elements of a misdemeanor assault); A.R.S. § 13-1204(A) (elements converting a misdemeanor assault into a felony aggravated assault). Because the City officer's alleged actions amounted to an aggravated assault and because Charon failed to allege the City knew of the officer's

propensity to commit aggravated assault, the City argued that A.R.S. § 12-820.05(B) granted them immunity and barred Charon's suit.[1]

¶4        The superior court denied the City's Rule 12(b)(6) motion to dismiss. It determined it had insufficient evidence to determine that the officer's actions constituted a felony aggravated assault and ruled that, while "[t]he factual allegations as pled by the Plaintiff in this matter could meet the prima facie elements of aggravated assault, and while the Court is required to accept all material facts alleged by the nonmoving party as true in determining a Rule 12(b)(6) motion to dismiss, the Court will not use that standard to determine whether A.R.S. § 12-820.05(B) applies in this matter."

¶5        The City then petitioned this court for special action.

## DISCUSSION

¶6        The superior court's denial of a motion to dismiss is a non-appealable, interlocutory order reviewable only by special action. *See Henke v. Superior Court*, 161 Ariz. 96, 98 (App. 1989). We disfavor granting special action jurisdiction for a denied motion to dismiss. *Id.* (We follow a general policy of "declining jurisdiction when relief is sought to obtain review of orders denying motions to dismiss."). But questions about immunity are "particularly appropriate for special action review." *City of Scottsdale v. Mikitish*, 253 Ariz. 238, 239, ¶ 4 (App. 2022). We accept jurisdiction to determine whether the City was immune from suit based on the facts alleged in the complaint.

¶7        We review the denial of a motion to dismiss *de novo*. *Cf. Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012) (Because questions of law are reviewed *de novo*, the grant of a motion to dismiss is reviewed *de novo*.). "Dismissal is appropriate under Rule 12(b)(6) only if, as a matter of law, plaintiffs would not be entitled to relief under any interpretation of the

---

[1]        A.R.S. § 12-820.05(B) states:

> A public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public employee unless the public entity knew of the public employee's propensity for that action. This subsection does not apply to acts or omissions arising out of the operation or use of a motor vehicle.

facts susceptible of proof." *Id.* (cleaned up). "On appeal from a motion to dismiss, this court assumes the truth of all well-pled factual allegations and indulges all reasonable inferences therefrom." *Swift Transp. Co. of Ariz. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 383, ¶ 3 (App. 2020) (cleaned up). We view the facts "in the light most favorable to the non-moving party." *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 69, ¶ 2 (App. 2014).

¶8            A defendant may raise an immunity defense in a motion to dismiss if the facts establishing the privilege or immunity appear in the pleadings. *Chamberlain v. Mathis*, 151 Ariz. 551, 554 (1986). But dismissal is improper if the complaint contains allegations from which a plaintiff could prove some facts for which immunity would not apply. *See Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 514, ¶¶ 15-16 (2021). The City invokes A.R.S. § 12-820.05(B), which immunizes a public entity from liability for a public employee's acts that a court determines to be a felony unless the public entity knew of the employee's propensity to commit that action. A.R.S. § 12-820.05(B). Thus, if Charon could prove some facts that did not fit within this framework, the court correctly denied the City's motion to dismiss.

¶9            The City contends that Charon's statements in the complaint required the superior court to determine whether the officer's actions were an aggravated assault. We agree.

¶10           An individual commits misdemeanor criminal assault when he or she intentionally causes physical injury to another. A.R.S. § 13-1203(A)(1). As relevant here, an assault escalates to felony aggravated assault when the assaulter uses a deadly weapon or dangerous instrument. A.R.S. § 13-1204(A)(2). A "deadly weapon" is "anything designed for lethal use, including a firearm," A.R.S. § 13-105(15), and a "firearm" is "any loaded or unloaded handgun, pistol, revolver, rifle, *shotgun* or other weapon that will . . . expel a *projectile* by the action of expanding gases." A.R.S. § 13-105(19) (emphasis added).

¶11           Here, the complaint alleged that a Mesa police officer intentionally fired beanbag ammunition (a projectile) from a shotgun that injured Charon. This means that the officer committed an assault with a firearm: a deadly weapon. As a result, the officer's actions, as alleged, are an aggravated assault under A.R.S. § 13-1204(A)(2). And the complaint alleged that the officer's use of force was unjustified because it exceeded the minimum amount of force necessary. Based on the allegations in the complaint, the officer's actions are not subject to a justification defense, as

alleged. *See* A.R.S. § 13-409(3) (A person is justified in using force in making an arrest if a reasonable person would believe the arrest was lawful.).

¶12        Charon is not entitled to damages against the City under any reasonable interpretation of his alleged facts. If the officer's actions were justified, the City is not liable. If the officer's actions were not justified, the officer committed an aggravated assault, and as the complaint did not allege the City knew about the officer's propensity to commit aggravated assault, immunity under A.R.S. § 12-820.05(B) applies. Based on the facts alleged, the superior court erred by denying the City's motion to dismiss.

**CONCLUSION**

¶13        We accept review and grant relief. We remand for the superior court to enter judgment for the City.

**C A T T A N I**, J., dissenting:

¶14        I respectfully dissent from the majority's decision to accept special action jurisdiction.

¶15        Special action jurisdiction is available when a party has no adequate remedy by appeal. *See* Ariz. R.P. Spec. Act. 1(a). Although an order denying a motion to dismiss is not immediately appealable, appeal after judgment generally provides an adequate remedy to correct errors, if any, inherent in the denial. *See United States v. Superior Court*, 144 Ariz. 265, 269 (1985). And given the availability of an adequate remedy by appeal, we generally decline jurisdiction in these cases. *Henke v. Superior Court*, 161 Ariz. 96, 98 (App. 1989); *see also* RPSA 12(c)(2) (effective Jan. 1, 2025).

¶16        We make an exception to this general policy, however, when a motion to dismiss was based on immunity. *See, e.g.*, *City of Scottsdale v. Mikitish*, 253 Ariz. 238, 239, ¶ 4 (App. 2022). But we do so when the immunity at issue is immunity *from suit*, and we do so precisely because the benefit of immunity from suit "is effectively lost if the case is erroneously permitted to go to trial," making denial of a motion to dismiss on this basis "effectively unreviewable on appeal from a final judgment." *See Henke*, 161 Ariz. at 99; *see also* RPSA 12(b)(2) (effective Jan. 1, 2025).

¶17        The Arizona Supreme Court has clarified that the immunity provision at issue here provides "immun[ity] from liability for damages" — not immunity from suit. *Ryan v. Napier*, 245 Ariz. 54, 61, ¶ 24 (2018); A.R.S.

§ 12-820.05(B) ("A public entity is not liable for losses . . . ."); *see also Adame v. City of Surprise*, No. CV-22-0155-CQ (Ariz. Aug. 29, 2022) (order declining to accept review of a certified question asking whether § 12-820.05(B) "provide[s] immunity from suit or only immunity from liability" on the basis that "the Court determined in *Ryan v. Napier*, 245 Ariz. 54 (2018), that section 12-820.05(B) provides only immunity from liability for damages"). The benefit of immunity from liability for damages is not lost by the mere fact of going to trial, leaving the party aggrieved by denial of a motion to dismiss on that basis an adequate remedy by appeal.

¶18 Because the City retains an adequate remedy by appeal, I would decline jurisdiction and leave the merits for future review.



AMY M. WOOD • Clerk of the Court
FILED: JR