446 P.2d 26

**Jan DYKEMAN, a single woman, Appellant,**

**v.**

**Barbara ASHTON, formerly Barbara A. McKim, Appellee.**

**No. 2 CA–CIV 547.**

Court of Appeals of Arizona.

Oct. 17, 1968.

Rehearing Denied Nov. 13, 1968.

Review Denied Dec. 24, 1968.

John L. Claborne, Tucson, for appellant.

Richard D. Grand and Thomas J. Mc-Hugh, Tucson, for appellee.

KRUCKER, Judge.

This is an appeal from a judgment in favor of the plaintiff (appellee) Barbara Ashton against the defendant (appellant) Jan Dykeman as a result of a two-car motor vehicle accident occurring at the intersection of Ft. Lowell and Swan Road on March 1, 1964.

The plaintiff, Barbara Ashton, was a passenger in a vehicle northbound on Swan Road driven by the defendant, Jan Dykeman, which failed to stop at a stop sign at the intersection of East Ft. Lowell and collided with a vehicle driven by George Balon, which was proceeding east on Ft. Lowell Road. Defendant Dykeman was proceeding at a speed of approximately 15 to 20 miles per hour entering the restricted intersection, and in the resulting accident the plaintiff suffered severe and permanent injuries. Trial was held the first week of November, 1967.

Appellant raises seven issues on appeal, three of which deal with claimed error as to medical evidence issues, and four dealing with so-called instruction and evidence issues.

We will consider them in the order in which they are raised in the appellant's brief.

The first deals with the trial court's refusal to permit a physical re-examination of plaintiff. On October 13, 1967, plaintiff and defendant each filed her pretrial memorandum, and in defendant's memorandum there was a request that defendant be given leave to have plaintiff examined by defendant's doctor. On October 18, 1967, the pretrial conference was held, and in its order the court granted defendant leave to file a motion to require medical examination of the plaintiff. This motion was filed on the same day, and it was argued to the court on October 23, 1967, at which time the court denied the motion as being untimely made.

Rule V(f), Uniform Rules of Practice of the Superior Court, 17 A.R.S., reads as follows:

"(f) Additional discovery. No party may undertake any pretrial procedures under Rules 26 to 37 of the Rules of Civil Procedure five days before the

pretrial conference, or thereafter, except that the Court may, for good cause shown such as the continuous absence from the state of a non-resident party, enter an order allowing such discovery procedures to be undertaken at any time prior to trial."

It is clear that defendant's motion was subject to the provisions of the aforesaid Rule V(f), which by its terms prohibits all discovery proceedings within its scope except in the case where the court, for good cause shown, has permitted additional discovery.

■ The granting or denial of additional discovery under the terms of Rule V(f) is clearly a matter within the discretion of the trial court, and this court will not disturb the trial court's ruling as to such matters unless it appears that there was a clear abuse of discretion. Colfer v. Ballantyne, 89 Ariz. 408, 363 P.2d 588 (1961).

■ Defendant has asserted certain grounds as constituting "good cause" in support of her motion, however, she has failed to make any showing that plaintiff was unavailable for the requested medical examination prior to the time that the prohibition in Rule V(f) became effective, or that there were any special circumstances which would warrant an examination at this time and which were not known to the defendant prior to the time that discovery became closed. We do not at this time intend to imply that unavailability of the party to be examined or the existence of newly discovered circumstances must be shown before the trial court may properly grant a motion for additional discovery; however, it is our opinion that where the foregoing have not been shown, and where the trial court has refused to grant additional discovery, that this denial does not constitute an abuse of discretion.

The next issue raised by defendant in her appeal is based on the refusal of the trial court to compel plaintiff to produce reports and notations which were made in connection with recent medical examinations of the plaintiff by her own physician.

On August 16, 1967, defendant, by letter, requested plaintiff to produce reports of recent medical examinations of plaintiff by her doctor. It is not clear whether any response was given to this letter, but in any event, the reports were not produced prior to trial. At the end of the first day of the trial, defendant, by oral motion, advised the court of her request by letter and that this request had not been complied with, and at this time defendant moved the court to order plaintiff to produce the reports in question. Plaintiff at this time denied that she had the reports, and the court thereupon denied defendant's motion to produce, suggesting that if defendant wished to obtain information from the file of plaintiff's doctor, that it be done by subpoena.

■ We do not feel it necessary to decide whether defendant was entitled to an order for production under these circumstances, because we do not find that the denial of defendant's motion resulted in any substantial prejudice to her. There is nothing to indicate that production by means of a subpoena would have been any less efficient than the order for production requested in defendant's motion, and furthermore, it appears that defendant had access to the plaintiff's doctor's file when he appeared on the second day of the trial.

■ In order to justify the reversal of a case, there must not only be error, but it must be prejudicial to the substantial rights of the person assigning this error, and it will not be presumed that an error is prejudicial so as to require reversal, but the prejudice must appear from the record. State ex rel. Willey v. Whitman, 91 Ariz. 120, 370 P.2d 273 (1962).

There is nothing in the record to indicate that, had defendant's motion to produce been granted, the preparation of her

case, or the ability to prepare, would have been enhanced in any respect, inasmuch as equivalent alternative means were available by which the desired information could have been obtained.

Since the ruling of the trial court, whether it was correct or otherwise, has not been shown to be prejudicial to the defendant's cause, there can be no reversal on this basis.

Defendant's third ground of appeal pertains to the refusal by the trial court to grant defendant's motion for a continuance for the purpose of permitting defendant to put on rebuttal medical testimony.

It is well settled in this State that a motion for continuance is directed to the sound discretion of the trial court, and unless that discretion has been abused the trial court's ruling will not be disturbed by a reviewing tribunal. Merryman v. Sears, 50 Ariz. 412, 72 P.2d 943 (1937); City of Tucson v. O'Rielly Motor Company, 64 Ariz. 240, 168 P.2d 245 (1946).

Where a party seeks a continuance due to the absence of a witness, there must be a showing that the witness's testimony would be material, were he allowed to testify, and that the moving party has used due diligence to procure the attendance of the witness. City of Tucson v. O'Rielly Motor Company, supra.

It appears from the record that the witness, a doctor, would have been available to testify approximately two hours from the time the request was made, and that since the court and counsel could utilize some of the interim time for other matters, the net delay would have been approximately one hour. However, the trial court was of the opinion, and justifiably so, that this one hour delay would cause the trial to be extended for an additional day, and since the request was made on a Friday afternoon, the matter would have to be continued over the weekend.

Defendant's counsel advised the court of the nature of the testimony that this witness would give, and the trial court was of the opinion that there were only insubstantial differences between the testimony of this witness and the testimony of the plaintiff's doctor.

It also appears that counsel for defendant did not subpoena this witness, and that he did not plan to have him testify until plaintiff's doctor had completed his testimony, although he had earlier indicated to the court and counsel that he might have this witness testify in case he felt that the testimony of plaintiff's doctor raised this necessity.

Whether the proposed testimony will be material, and whether the moving party has used due diligence, are both matters for the discretion of the trial court. See, 17 Am.Jur.2d Continuance §§ 8, 10. We are unable to say that the trial court's ruling constituted an abuse of discretion. Under these circumstances it would have been warranted in concluding either that due diligence had not been used, or that the testimony which would result was not substantially different from matters already before the jury, or both, and where this is true this court will not substitute its judgment for that of the trial court.

The next two bases for error here asserted by the defendant stem from the giving of one instruction and the refusal to give another. Neither of the instructions was set forth in the appendix to appellant's brief, nor were these instructions set forth in full at any other place in appellant's brief.

Rule 5(b) 10, Rules of the Supreme Court, 17 A.R.S., provides as follows:

"Instructions given or refused, of which a party complains or relies on, shall be set forth in haec verba in the appendix to the brief."

Where a party has failed to comply with Rule 5(b) 10, this court has no duty to consider the challenged instructions, and we decline, therefore to pass on the issues related thereto. State v. Grijalva, 8 Ariz. App. 205, 445 P.2d 88 (filed September 12, 1968); and Zakroff v. May, 8 Ariz.App. 101, 443 P.2d 916 (1968).

A typed statement, signed by defendant, was admitted into evidence by the trial court upon a showing that defendant had signed the statement. Defendant claims that this was error on the basis that the statement was admitted without proper foundation.

The statement contained admissions of fault on the part of the defendant and it was taken at some time subsequent to the accident. Where a statement containing admissions against interest is offered against a party and this statement is signed and it is shown that the signature is that party's signature then we can conceive of no further foundation which may be required. Indeed, counsel has suggested none.

The last issue raised by the defendant on this appeal is a claim that the damages awarded were excessive.

Plaintiff had incurred, or could be expected to incur, approximately $3,500 in out-of-pocket expenses as a result of this accident. No loss of income resulted, and her future earning capacity was not impaired. In connection with her injuries, and as a cause thereof, plaintiff contracted arthritis which her doctor testified would become progressively worse as she grew older. Plaintiff was 22 years old at the time of the accident, and she had a life expectancy of 48.5 years. As a result of the accident, her leg was fractured in two places and plaintiff had partial immobility of her right knee. There was evidence that plaintiff suffered tremendous pain immediately following the accident, and that at the time of the trial and thence forward, she would have an occasional aching off and on for the rest of her life, the severity of which would increase as she grew older. At the trial, plaintiff was able to walk normally and her gait was smooth. Her discomfort at that time was being satisfactorily handled by the use of aspirin or aspirin-type medicines. The condition of plaintiff's knee interfered with her performing activities which required stooping or squatting, and it was her experience that her injured leg became more fatigued more easily than her sound one. Based upon the foregoing evidence, the jury found the amount of damages to be $50,000.

To this defendant claims that the award was excessive. In Arizona, an award of damages for personal injuries will not be set aside as excessive unless the amount of the verdict is so great as to shock the conscience of the reviewing court. Allen v. Devereaux, 5 Ariz.App. 323, 426 P.2d 659 (1967).

While this court, had it been the trier of fact in this case, might have found that a lesser sum would be sufficient to reasonably compensate plaintiff for the damages which she had incurred, we are, nevertheless, unable to say that the amount of the verdict was so grossly excessive as to inflict a shock upon our conscience.

Plaintiff has raised an assignment of cross error, claiming that the instruction given on contributory negligence was not supported in the evidence.

While in certain cases a cross assignment of error is allowed without taking a cross appeal, Rogers v. Mountain States Telephone & Telegraph Company, 100 Ariz. 154, 412 P.2d 272 (1966), a finding in plaintiff's favor on this issue would not support, defend, or uphold any order of the trial court from which appeal has been taken by defendant. For this and other reasons we will not pass on this issue.

Having determined all of the issues properly before this court, and having found no error in the rulings thereon, the judgment of the trial court shall be and the same hereby is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.