314

609 P.2d 584

Enedina M. BUJANDA, a single woman;
and Cleo M. Garcia, a single woman,
Plaintiffs/Appellants,

v.

MONTGOMERY WARD & CO., INCOR-
PORATED, an Illinois Corporation,
Defendant/Appellee.

No. 2 CA–CIV 3346.

Court of Appeals of Arizona,
Division 2.

Jan. 31, 1980.

Rehearing Denied March 12, 1980.

Review Denied April 8, 1980.

Healy & Beal, P. C. by James H. Dyer,
Tucson, for plaintiffs/appellants.

Lesher, Kimble & Rucker, P. C. by Timo-
thy L. Ryan, Tucson, for defendant/appel-
lee.

OPINION

HOWARD, Judge.

This appeal was taken from the trial court's denial of a new trial after it directed a verdict for appellee, Montgomery Ward & Co.

Appellants, having seen a newspaper advertisement offering hair permanents at a special price, went to appellee's store. They contend that the permanents were negligently done causing physical injury to both and psychological damage to Mrs. Bujanda. Their complaint alleged that Montgomery Ward owned and operated the beauty shop, that Montgomery Ward employed the persons who injured them, and that the negligence of these employees caused the injuries.

During trial appellants' attorney attempted to elicit the reasons they went to Montgomery Ward. One of the appellants mentioned the advertisement and the attorney moved for its admission which was objected to. A discussion was had in chambers during which appellants' attorney indicated he wanted to pursue the theory that appellee was liable for the acts of the beauty shop operators because it held the shop out as its own. He relied on Restatement (Second) of Agency Sec. 267 (1957). Appellee's attorney argued that the complaint did not allege that theory and objected to any evidence intended to establish it. The trial court sustained the objection and refused to permit an amendment of the complaint to allege apparent authority because it would present a different theory and would prejudice appellee in its defense. At the close of appellants' case appellee's motion for a directed verdict was granted.

Appellants contend the trial court erred in refusing the evidence and not permitting an amendment of the pleadings. Error is also assigned in the failure to admit certain evidence, but due to our resolution of the first issue there is no need to consider the other contentions.

 Arizona's Rules of Civil Procedure, Rule 15(b), 16 A.R.S., states:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Granting or denying a motion to amend a pleading to conform to evidence is in the sound discretion of the trial court. See *Romo v. Reyes*, 26 Ariz.App. 374, 548 P.2d 1186 (1976). Appellants claim the trial court abused its discretion and rely on several cases to support their position. It is true that in the case of *In re Estate of McCauley*, 101 Ariz. 8, 415 P.2d 431 (1966) the court stated that: "(r)ule 15(b), Rules of Civil Procedure, provides for an automatic amendment of pleadings . . ." 101 Ariz. at 17, 415 P.2d at 440. This language apparently refers to the first sentence of Rule 15(b) making it mandatory for the court to amend the pleadings to conform to the issues to which there was express or implied consent. There was neither express nor implied consent here to try the issue of apparent authority. Appellants also cite *Starkovich v. Noye*, 111 Ariz. 347, 529 P.2d 698 (1975); *Douglas Investment Co. v. Van Ness*, 105 Ariz. 541, 468 P.2d 568 (1970); *Gilmore v. Cohen*, 95 Ariz. 34, 386 P.2d 81 (1963). The general rule is explained in these cases and each makes it clear that only where the issue is tried with express or implied consent is the moving party entitled

to amendment by right. This is the effect of the first sentence of Rule 15(b). Here there was an objection to the evidence and therefore no implied consent to try the issue.

 Appellants also argue that the introduction of some evidence on the issue of who owned the beauty shop and whose name appeared on the advertisement is sufficient to show implied consent. We disagree. Consent to try an issue without the pleadings cannot be implied by admission without objection of evidence relevant to an issue within the pleadings. See *Lake v. Stewart*, 117 Ariz. 520, 573 P.2d 920 (App. 1977); *Schumann v. McGinn*, 307 Minn. 446, 240 N.W.2d 525 (1976); *Eudy v. Eudy*, 288 N.C. 71, 215 S.E.2d 782 (1975); 3 Moore's Federal Practice ¶ 15.13, at pp. 15–171–72 (2nd ed. 1948). Here the evidence was relevant to show how appellants came to be at Wards and to show that Wards employed the beauty shop operators though this second proposition was later refuted.

Although liberality in permitting amendments of pleadings to conform to the evidence is the general rule, it has been proper to refuse the amendment where a party who has objected to the evidence would be prejudiced by the amendment. See *Associated Engineers & Contractors, Inc. v. State*, 58 Haw. 187, 567 P.2d 397 (1977); *Truesdale v. Friedman*, 270 Minn. 109, 132 N.W.2d 854 (1965).

Appellee objected to admission of the evidence. To have permitted the amendment would have changed the theory of the case. Appellee, brought into court expecting to defend a suit for employee negligence, would have suddenly faced the theory that the operators were independent contractors held out as employees.

Appellants also argue that the trial court should not have directed a verdict, but should have granted appellee a continuance if prejudice existed. No motion for a continuance having been made, the failure to grant one cannot be error.

Appellants also contend that appellee admitted in answers to interrogatories that the operators were employees or agents of Wards. This argument is without merit. The interrogatories were addressed to Wards but asked for information about insurance coverage for "[d]efendants and/or their agents, servants or employees . . ." Appellee could view this broad inquiry as being prompted by appellants' apparent theory that Wards exercised control over the operators making them its agents or employees. Wards made it clear in its answers that Maxim's Beauty Salons, Inc. was the insured. Further the pretrial order listed as an uncontested fact that the operators were employees of Maxim's.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.