NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAMES HACKETT, *Plaintiff/Appellant*,

*v.*

DONALD HACKETT, *Defendant/Appellee*.

DONALD HACKETT; DENNIS HACKETT; LARRY HACKETT; and
TERRY HACKETT, *Plaintiffs/Appellees*,

*v.*

JAMES HACKETT, *Defendant/Appellant*.

No. 1 CA-CV 15-0263
1 CA-CV 15-0384
(Consolidated)
FILED 10-6-2016

Appeal from the Superior Court in Yavapai County
No. V1300CV201480437
V1300CV201380282
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**1 CA-CV 15-0384: APPEAL DISMISSED IN PART; VACATED IN PART
AND REMANDED; 1 CA-CV 15-0263: AFFIRMED**

COUNSEL

James Hackett, Boise, ID
*Appellant*

H. Rudy C. Stadelman PC, Cottonwood
By H. Rudy C. Stadelman
*Co-Counsel for Appellee Donald Hackett*

Musgrove Drutz Kack & Flack, PC, Prescott
By Mark W. Drutz, Jeffrey Gautreaux
*Co-Counsel for Appellee Donald Hackett*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Chief Judge Michael J. Brown joined.

---

**T H O M P S O N**, Judge:

**¶1**      This consolidated appeal involves litigation among brothers regarding a parcel of real property in Yavapai County (the Property).[1]  In 1 CA-CV 15-0384 (*Hackett I*), James appeals the superior court's order denying his motion for new trial.  In 1 CA-CV 15-0263 (*Hackett II*), James appeals the superior court's order dismissing his complaint with prejudice. For the reasons that follow, we dismiss the appeal in part, affirm in part, vacate in part and remand for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

**I.      *Hackett I***

**¶2**      In August 2013, Donald filed an action against James seeking partition of the Property and distribution of the proceeds to the brothers in equal shares (the partition action).[2]  James filed an answer and a separate

---

[1]      The parties are Donald Hackett, Dennis Hackett, Larry Hackett, Terry Hackett, and James Hackett.  For clarity, we refer to them by their first names.

[2]      The action was nominally brought by Donald, Dennis, Larry, and Terry, but it was pursued largely by Donald, who was the only party represented by counsel.  The complaint actually alleges the five brothers each own "an undivided one-fourth interest" in the Property.  The superior

---

counterclaim seeking legal document preparation fees and costs. In his answer, James denied that either Donald or Terry had an ownership interest in the Property because Donald had orally agreed to sell his share to James for $30,000 ($22,000 of which James had already paid) and Terry had given up his share. James moved to amend his counterclaim, seeking an order directing Donald to accept $8,000 and quitclaim his interest in the Property to James. The superior court denied the motion.

¶3             After an evidentiary hearing on July 1, 2014, the superior court found the Property was subject to partition, with the proceeds to be distributed after a trial to determine the owners' respective interests. On September 16, the court appointed a commissioner to sell the Property and return the net proceeds to the court "to be divided among the persons entitled thereto according to their respective interests as determined by the Court."

¶4             The partition action was tried on December 1, 2014. After hearing testimony and receiving evidence on the parties' respective ownership interests, the superior court held the parties had stipulated in court "that the shares in the property are split 1/5 for each brother" and ordered, pursuant to the stipulation, "that the proceeds from the sale of the property shall be split 5 ways between (sic) the parties." On December 3, the court signed and entered an order to this effect.

¶5             On April 3, 2015, James filed a Request for Signed Entry of Judgment and a Notice of Intention to Move for New Trial. On April 21, the superior court entered a final judgment pursuant to Arizona Rule of Civil Procedure (Rule) 54(c). The judgment did not address James's counterclaim for breach of contract, but impliedly dismissed it when it found that no further matters were pending. On April 28, the court issued an order treating James's Notice of Intention to Move for New Trial as a motion for new trial and denying it as time-barred. *See* Ariz. R. Civ. P. 59(d). On May 12, James filed a notice of appeal from the order denying his motion for new trial.

## II.    *Hackett II*

¶6             On November 25, 2014, James filed an action against Donald alleging (i) Donald was in breach of an oral contract to sell his share of the

court denied Donald's motion for judgment on the pleadings based on this pleading "defect."

Property to James and (ii) Terry had given up his share of the Property (the contract action). James requested the superior court direct Donald to transfer his interest to James and declare (i) Terry has no interest in the Property and (ii) James "has ½ (50%) interest in the Property."

¶7　　　　On December 18, 2014, Donald moved to dismiss, arguing the contract claim constituted a compulsory counterclaim that should have been asserted in the partition action. *See* Ariz. R. Civ. P. 13(a). On December 23, the superior court agreed, granting the motion and dismissing James's complaint with prejudice. The court entered a final judgment pursuant to Rule 54(c) dismissing James's complaint with prejudice and awarding Donald attorneys' fees and taxable costs. James timely appealed.

¶8　　　　We do not have jurisdiction over Donald's claim for partition in *Hackett I*. We have jurisdiction as to James's breach of contract counterclaim and *Hackett II* pursuant to Arizona Revised Statute (A.R.S.) § 12-2101(A) (2016).[3]

## DISCUSSION

### I.　*Hackett I*

####　　　A.　　　Donald's claim for partition

¶9　　　　This court's appellate jurisdiction is purely statutory. Ariz. Const. art. 6, § 9; *Garza v. Swift Transp. Co.,* 222 Ariz. 281, 283–84, ¶ 12, 213 P.3d 1008, 1110-11 (2009) (quoting *Eaton v. Unified Sch. Dist. No. 1*, 122 Ariz. 391, 392, 595 P.2d 183, 184 (App. 1979)). Accordingly, we have an independent duty to determine whether we have jurisdiction over an appeal. *Baker v. Bradley*, 231 Ariz. 475, 478-79, ¶ 8, 296 P.3d 1011, 1014-15 (App. 2013). "[W]e must dismiss an appeal over which we lack jurisdiction." *Id.* (citing *Robinson v. Kay,* 225 Ariz. 191, 192, ¶ 4, 236 P.3d 418, 419 (App. 2010)).

¶10　　　　The superior court's December 3, 2014 order was in writing and signed by a judge, and it determined the rights and interests of the parties and directed partition to be made. Thus, the order *was* appealable

---

[3]　　　Absent material changes from the relevant date, we cite a statute's current version.

pursuant to A.R.S. § 12-2101(A)(7).[4]  *See Brumett v. MGA Home Healthcare, L.L.C.*, 744 Ariz. Adv. Rep. 11, 15-16, ¶¶ 16-17 (App. Aug. 9, 2016). However, because James did not file a notice of appeal within 30 days after entry of that order, *see* Ariz. R. Civ. App. P. 9(a), we lack jurisdiction over the appeal from the partition, *see Santee v. Mesa Airlines, Inc.*, 229 Ariz. 88, 89, ¶¶ 3, 5, 270 P.3d 915, 916 (App. 2012).

### B.     James's counterclaim for the alleged breach of contract

**¶11**      Although the superior court ostensibly denied James's motion to amend his counterclaim, James's claim that Donald had breached an oral contract to sell his interest in the Property to James was tried by the parties without objection.  On this basis, we find the counterclaim was amended to conform to the evidence.  *See* Ariz. R. Civ. P. 15(b); *Bujanda v. Montgomery Ward & Co., Inc.*, 125 Ariz. 314, 315-16, 609 P.2d 584, 585-86 (App. 1980) (stating that amendment of pleading to conform to the evidence permitted unless amendment would cause prejudice); *see also Parker v. City of Tucson*, 233 Ariz. 422, 439, ¶¶ 51-52, 314 P.3d 100, 117 (App. 2013) (finding no prejudice when amendment did nothing to change the theory of the case and the issue had been raised and addressed by the parties).

**¶12**      The superior court did not enter a final judgment on the counterclaim until April 21, 2015.  *See* Ariz. R. Civ. P. 54(c); *Brumett*, 744 Ariz. Adv. Rep. at 15, ¶ 12 (discussing appeal from a final judgment under A.R.S. § 12-2101(A)).  Nevertheless, James's April 3 "motion for new trial" was timely filed.  *See* Ariz. R. Civ. P. 59(d).  Thus, we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(a).  *See Farmers Ins. Co. of Ariz. v. Vagnozzi*, 132 Ariz. 219, 221-22, 644 P.2d 1305, 1307-08 (1982) (motion for rehearing extended time for appeal even though it did not refer to Rule 59 because the judge treated the motion as one for new trial).

**¶13**      We review a decision denying a motion for new trial for an abuse of discretion.  *Pullen v. Pullen*, 223 Ariz. 293, 296, ¶ 10, 222 P.3d 909, 912 (App. 2009) (internal quotation and citations omitted).  "An abuse of discretion occurs when there is no evidence to support a holding or the court commits an error of law when reaching a discretionary decision." *Dowling v. Stapley*, 221 Ariz. 251, 266, ¶ 45, 211 P.3d 1235, 1250 (App. 2009).

---

[4]     We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the relevant events.

¶14        On appeal, Donald suggests that James cannot complain of the five-way division to which he stipulated.  Donald reads the record too broadly.  James did not stipulate that Donald was entitled to a 20% share of the sales proceeds.  Although James agreed that "at one point in time" the parties were entitled to equal shares, he was conceding the brothers' respective interests in the Property (in particular, Terry's), prior to and detached from any separate right under his alleged contract with Donald.

> THE COURT: I'm not talking about the side deal. I'm not talking about the side deal between [James] and Donald. I'm talking about the overall agreement that at one point in time all five of you were in 100 percent agreement that [the proceeds were] going to be split equally. That's the general thrust of what I'm hearing. And everybody agrees to that. Am I right, James?

> MR. JAMES HACKETT: Yes, if you needed a simple answer.

In fact, following this exchange, James continued to urge that Donald no longer owned a share because he had sold it to James pursuant to an oral contract, which James had partly performed.  The enforceability of that alleged contract remains for the superior court to decide.  Accordingly, we remand this matter to the superior court to rule on James's breach of contract counterclaim.

## II.    *Hackett II*

¶15        James argues the superior court erred in dismissing his complaint.  We review de novo the court's dismissal of a complaint under Rule 12(b)(6).  *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012).

¶16        "Compulsory counterclaims arise from the same transaction or occurrence that was the subject matter of the opposing party's claim; and if such claims are not pled in the first action, they are waived and barred in any subsequent action under the doctrine of claim preclusion." *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70, ¶ 8, 326 P.3d 335, 337 (App. 2014) (citing *Lansford v. Harris,* 174 Ariz. 413, 418-19 (App. 1992)). The "same transaction or occurrence" standard is a flexible one "that is met when a logical relationship exists between the current cause of action and the previous one."  *Id.* (citing *Technical Air Prods., Inc. v. Sheridan-Gray, Inc.,* 103 Ariz. 450, 452, 445 P.2d 426, 428 (1968)).

**¶17**  Clearly there was a "logical relationship" between Donald's claim for partition and James's claim against Donald for breach of contract involving the same property. We agree with the superior court that James's claim was a compulsory counterclaim that should have been (and in fact was) asserted in the partition action.[5] Thus, we find no error in the dismissal of the action. Because this issue is dispositive, we need not address the other issues James raises on appeal.[6] *See Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶ 10, 322 P.3d 204, 208 (App. 2014); *KZPZ Broad., Inc. v. Black Canyon City Concerned Citizens*, 199 Ariz. 30, 38, ¶ 28, 13 P.3d 772, 780 (App. 2000).

---

[5] A partition action is an equitable proceeding governed by statute. *McCready v. McCready*, 168 Ariz. 1, 3, 810 P.2d 624, 626 (App. 1991). If the superior court determines a partition by sale is appropriate, the court may appoint a commissioner to make the sale "and return the proceeds into court *to be divided between the persons entitled thereto according to their respective interests*." A.R.S. § 12-1218(C) (2016) (emphasis added).

[6] James argues that the superior court erred when it ruled on Donald's motion without waiting for a response. *See* Ariz. R. Civ. P. 7.1(a). To the extent he urges a denial of due process, such a claim fails because he cannot show prejudice. *See Brown v. Ariz. Dep't of Real Estate*, 181 Ariz. 320, 324, 890 P.2d 615, 619 (App. 1995).

**CONCLUSION**

**¶18**        In 1 CA-CV 15-0384, we dismiss the appeal as to issues arising from Donald's claim for partition and we vacate the judgment as to James's counterclaim and remand that claim to the superior court.  In 1 CA-CV 15-0263, we affirm the order granting Donald's motion to dismiss.

**¶19**        In 1 CA-CV 15-0384, Donald requests an award of attorneys' fees pursuant to A.R.S. § 12-349(A)(1), (3) (2016).  In 1 CA-CV 15-0263, Donald requests an award of attorneys' fees pursuant to A.R.S. § 12-341.01 (2016).  In both appeals, James requests an award of legal document preparation fees on appeal.  *See* A.R.S. § 12-341.02 (2016).

**¶20**        In 1 CA-CV 15-0263, in our discretion, we deny both requests. We deny both requests in 1 CA-CV 15-0384 without prejudice; on remand, the parties may renew their requests in the superior court.  Because Donald is the successful party in 1 CA-CV 15-0263, he is awarded costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

