NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

STACY RUNYARD, *Petitioner/Appellant*,

*v.*

MIKE RUNYARD, *Respondent/Appellee*.

No. 1 CA-CV 15-0733 FC
FILED 4-25-2017

Appeal from the Superior Court in Maricopa County
No.  FN2013-070948
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Stacy Runyard
*Petitioner/Appellant*

Law Firm of Jessica M. Cotter, PLLC, Glendale
By Jessica M. Cotter
*Counsel for Respondent/Appellee*

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

**McMURDIE**, Judge:

¶1        Petitioner/appellant Stacy Runyard ("Wife") appeals the superior court's decree of dissolution. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Wife and respondent/appellee Mike Runyard ("Husband") were married in April 2013 and lived together in Illinois. In December 2013, Wife filed for legal separation in Maricopa County Superior Court, alleging she was an Arizona resident. Husband requested that the superior court convert the proceeding to a dissolution.

¶3        On Wife's motion, the superior court held a hearing on temporary orders and granted Wife spousal maintenance of $1,500 per month pending the dissolution trial and directed Husband to pay $1,000 for Wife's attorney's fees. The court set the trial for September 26, 2014.

¶4        Later that month, Wife asked the superior court to hold Husband in contempt because he had failed to pay the amounts ordered. Husband responded that he had paid Wife some spousal maintenance but could not afford to pay the amount ordered by the court. The court affirmed the temporary orders and trial date, stating it would consider Wife's motion for contempt at the dissolution trial.

¶5        The week prior to trial, Wife filed an emergency motion to continue, asserting she was seriously mentally ill and homeless, had recently spent over thirty days in the hospital, and needed continued medical treatment. Husband opposed the request, noting that Wife's exhibits did not support her claims. The superior court denied Wife's motion.

¶6        On the day of trial, Wife's friend emailed the superior court stating Wife had been hospitalized and was unable to appear. The court verified that Wife was a patient at a hospital in Salt Lake City, Utah, then set a status conference to discuss Wife's mental status, whether she needed

a Guardian Ad Litem ("GAL"), and the rescheduling of the dissolution trial. At Husband's request, the court stayed his spousal maintenance obligation until further order.

**¶7**　　　　At the status conference two months later, a GAL was appointed to advise the superior court regarding Wife's mental stability, ability to represent herself in the dissolution proceeding, and need for a guardian. The GAL later reported that Wife had moved out of state and refused to make herself available for a physician's review. The GAL stated she could not determine whether Wife was incapacitated unless she submitted to this evaluation, but informed the court that Wife was aware of the proceedings and knew that the court could enter orders adverse to her position if she did not participate.

**¶8**　　　　Wife did not appear at the status conference to review the GAL's report, and the superior court scheduled the dissolution trial for September 10, 2015. The minute entry twice warned Wife that if she failed to participate in the proceedings, the court could find her in default and proceed without her.

**¶9**　　　　Less than two weeks prior to trial, Wife asked the superior court to appoint a new GAL. The court denied the request, finding it untimely and without merit because Wife had failed to cooperate with the current GAL. The court again warned Wife it would not continue the trial and would proceed in her absence if she failed to appear.

**¶10**　　　　The day before trial, Wife filed an emergency motion requesting a new GAL. On the same date, the GAL informed the superior court that someone had contacted her claiming that Wife had been detained in Mexico and would not be able to appear for the dissolution trial. On the morning of trial, Wife filed a Motion to Dismiss Without Prejudice, asserting she was no longer a resident of Arizona and the court did not have jurisdiction over the parties or their property.

**¶11**　　　　Wife did not appear at trial, and after unsuccessfully attempting to reach her, the superior court proceeded without her. The superior court denied Wife's emergency motion for a new GAL and her Motion to Dismiss Without Prejudice, then heard Husband's evidence. The court entered a decree of dissolution terminating Husband's spousal maintenance obligation, ordering that each party would be responsible for one-half of the community debts, and directing Wife to remove her furniture and other belongings from Husband's house within 75 days. Wife

timely appealed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[1]

## ISSUES

**¶12** Wife argues the superior court (1) erred by denying her motion to continue the September 26, 2014 trial, (2) erred by proceeding with trial on September 26, 2014 in Wife's absence, (3) erred by filing a reconstruction of the September 26, 2014 trial, (4) abused its discretion by terminating the order for temporary spousal maintenance, (5) erred by allowing the GAL to participate in any proceedings after it was "made known" that Wife had not been a resident of Arizona since August 2014, (6) abused its discretion by entering the dissolution decree in Wife's absence, (7) abused its discretion by denying that any domestic violence occurred, (8) abused its discretion by failing to equitably divide the community property and debt and by not allowing Wife to recover her personal property, and (9) abused its discretion by denying the earlier order directing Husband to pay Wife's attorney's fees.

## DISCUSSION

**A.    The September 26, 2014 Proceeding.**

**¶13** Wife argues the superior court erred by denying her expedited motion to continue the September 26, 2014 hearing and proceeding that day even after it learned that Wife was in the hospital.

**¶14** Once a matter is set for trial, the superior court may not grant a continuance "except upon written motion setting forth sufficient grounds and good cause, or as otherwise ordered by the court." Ariz. R. Fam. L. Pro. 77(C)(1). We will not disturb the court's ruling on a motion to continue trial absent an abuse of discretion. *Dykeman v. Ashton*, 8 Ariz. App. 327, 330 (1968). Because the exhibits attached to Wife's expedited motion to continue the trial did not support her claim that she was unable to attend, we find no abuse of discretion in the court's denial of the motion. Further, the court effectively granted the motion by rescheduling the dissolution trial when Wife failed to appear and it verified that she was in the hospital.

**¶15** Nevertheless, Wife argues the superior court abused its discretion at the September 26, 2014 hearing by terminating the temporary

---

[1]    Absent material revision after the relevant date, we cite a statute's or rule's current version.

order directing Husband to pay her spousal maintenance pending the dissolution.[2] The court's order was a temporary order preparatory to the September 2015 dissolution trial and is therefore not appealable. *See* Ariz. R. Fam. L. Pro. 47(M) (stating a temporary order becomes ineffective and unenforceable following entry of a final judgment or order); *Villares v. Pineda*, 217 Ariz. 623, 624–25, ¶ 10–11 (App. 2008) (accepting review of a special action challenging a temporary order regarding child custody, noting it was not appealable).[3]

**¶16**          Finally, we reject Wife's argument that the superior court erred by reconstructing the September 26, 2014 hearing when the electronic recording of the proceedings was lost during the archiving process and could not be transcribed. Under the circumstances, the court appropriately reconstructed the proceedings from its notes. *See* ARCAP 11(g)(1)(B), (2) (allowing the superior court to correct the record and resolve differences about whether the record accurately discloses what occurred). Furthermore, Wife did not timely object. *See Rodriguez v. Williams*, 104 Ariz. 280, 283 (1969) (ruling that when a portion of the record is destroyed or

---

[2]          Wife states the court had also ordered Husband to pay her medical bills pending the dissolution, but the minute entry from the temporary orders hearing reflects that the court simply advised Husband that medical bills Wife incurred during the dissolution proceedings remained community property until the court entered the decree.

[3]          We note, however, that we would not find that the superior court abused its discretion by terminating Husband's spousal maintenance obligation, as the record contained Husband's Affidavit of Financial Information, in which he averred that he was unemployed and his expenses, including court-ordered child support for children not common to the parties, exceeded his income. *See* A.R.S. § 25-315(F)(2) (stating a temporary order may be "revoked or modified before final decree on a showing by affidavit of the facts necessary to revocation or modification of a final decree under [A.R.S.] § 25-327."); A.R.S. § 25-327(A) (providing that a maintenance order may be modified or terminated upon a showing of substantial and continuing changed circumstances). Wife did not proffer any controverting evidence in the superior court and does not argue on appeal that she would have presented such evidence if she had been present at the hearing. *See In re Marriage of Molloy*, 181 Ariz. 146, 150 (App. 1994) (stating appellate court will only reverse a trial court's error if the complaining party suffered prejudice).

unavailable, appellate court should reinstate the superior court's jurisdiction for the purpose of reconstructing the record).

## B. The GAL.

**¶17** Wife asserts the superior court erred by allowing the GAL to continue to participate in the proceedings after the GAL learned that Wife was no longer an Arizona resident. Citing A.R.S. § 46-140.01, which requires state agencies to verify the identity and immigration status of each applicant for public benefits, Wife contends that because she ceased being an Arizona resident in August 2014, the court erred by allowing the GAL to participate in any proceedings after that date.

**¶18** Wife waived this issue by failing to raise it in the superior court. *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349, ¶ 17 (App. 2007) (an appellate court generally will not consider issues not raised in the trial court). Even if she had preserved the issue, however, we would find no merit in her argument as § 46-140.01 does not apply to the court's appointment of a GAL. 2004 Ariz. Op. Att'y Gen. No. I04-010 (Nov. 12, 2004) (the "state and local public benefits" discussed in § 46-140.01 are those benefits received through programs in Title 46 [Welfare] that are subject to federal eligibility restrictions in 8 U.S.C. § 1621).

## C. The Dissolution Proceeding and Decree.

**¶19** Wife argues the superior court abused its discretion by proceeding with the dissolution trial in her absence. The court repeatedly warned Wife that it would not grant another continuance and the hearing would go forward even if she did not attend. Wife did not request a continuance, but simply failed to appear for trial while moving to dismiss the action without prejudice. Under the circumstances, we find no abuse of discretion in the court's decision to proceed with the trial. *See* Ariz. R. Fam. L. P. 77(C)(1) (court will not grant a request to continue trial absent a written motion setting forth sufficient grounds and good cause); *Dykeman*, 8 Ariz. App. at 330.

**¶20** Wife next argues the superior court abused its discretion by failing to find that domestic violence had occurred. The court was not required to make a finding regarding domestic violence in this case, which

did not involve a covenant marriage or a child custody determination.[4] *See* A.R.S. § 25-903(4) (identifying physical abuse as one of the grounds upon which the court may dissolve a covenant marriage); A.R.S. §§ 25-403(8), -403.03 (addressing the impact of a finding of significant domestic violence on joint legal decision-making and parenting time determinations). Moreover, as Wife did not appear for trial, she did not offer any evidence of domestic violence upon which the court could have based such a finding.[5]

¶21     Wife contends the superior court inequitably divided the parties' community property and debt but does not state how she believes the division was inequitable.[6] By failing to participate in the trial or develop this argument on appeal, Wife has waived this issue. *Hannosh v. Segal*, 235 Ariz. 108, 115, ¶ 25 (App. 2014) (appellate court generally will not consider arguments that were not presented to the trial court); *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 195, ¶ 88 (App. 2008) (appellate court will not address issues or arguments waived by a party's failure to develop them adequately).

¶22     Lastly, Wife contends the superior court erred by rescinding its earlier order directing Husband to pay $1,000 toward her attorney's fees. The decree, however, did not vacate that award.

---

[4]     Arizona is a no-fault state. Under the circumstances of this case, property and debt division was all the superior court needed to consider toward dissolution of the marital community. Any evidence proffered to establish fault would have been improper. *See Marce v. Bailey*, 130 Ariz. 443, 445 (App. 1979) (the court will not consider fault and prior conduct of the parties in determining dissolution and property division).

[5]     Wife's claim that her allegations that Husband committed domestic violence were supported by an order of protection issued in another case, Judge Padilla's "affirmation" of the violence, and 33 exhibits regarding her medical condition, is not supported by any citation to the record. *See* ARCAP 13(a)(7)(A) (appellant's arguments for each issue on review must contain citations to legal authorities and "references to the portions of the record on which the appellant relies").

[6]     Wife also suggests the court erred by refusing to allow her to recover her personal property. The court specifically granted Wife 75 days to retrieve her property.

**CONCLUSION**

**¶23**        For the foregoing reasons, we affirm.

**¶24**        Husband requests an award of attorney's fees and costs on appeal pursuant to A.R.S. § 25-324, alleging Wife has caused delay by her unreasonable legal position in this matter and her failure to comply with court orders or cooperate with the GAL. A court may order a party to pay a reasonable amount of attorney's fees to the other party for maintaining or defending a domestic relations matter after considering the financial resources of both parties and the reasonableness of the position each party has taken throughout the proceedings. *Thompson v. Corry*, 231 Ariz. 161, 163, ¶ 5 (App. 2012). Accordingly, we award reasonable attorney's fees and costs to Husband if he files a statement in compliance with Arizona Rule of Civil Appellate Procedure 21(b).



AMY M. WOOD • Clerk of the Court
FILED:   AA