NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MIRCEA ION SARBU, *Petitioner/Appellee,*

*v.*

VALENTINA ELENA CARP, *Respondent/Appellant.*

No. 1 CA-CV 16-0615 FC
FILED 7-11-2017

Appeal from the Superior Court in Maricopa County
No.  FC2016-050366
The Honorable Jennifer C. Ryan-Touhill, Judge

**AFFIRMED**

COUNSEL

Law Office of Kent D. Lee PC, Glendale
By Kent D. Lee
*Counsel for Petitioner/Appellee*

Ivan & Kilmark, Glendale
By Florin V. Ivan
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Randall M. Howe joined.

_____

**T H O M P S O N**, Judge:

**¶1**         Appellant/respondent, Valentina Elena Carp (mother), appeals the superior court's denial of her request for child support and spousal maintenance.  For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**         Mother and appellee/petitioner, Mircea Ion Sarbu (father), married in 2006 and have one child in common.  They separated in 2009, and father filed for dissolution in 2016.

**¶3**         Before trial, the parties participated in a settlement conference and entered a signed agreement stating they had resolved all issues except child support.  On the day of trial, mother asserted, for the first time, that she was entitled to spousal maintenance and asked for a hearing on that matter.  The superior court denied the request, noting mother had specifically agreed she was not entitled to maintenance in her response to the petition for dissolution and had averred in the settlement agreement that the only remaining issue was child support.

**¶4**         Father asked the superior court to attribute full-time minimum wage income to mother for purposes of calculating child support. Although mother failed to file a pre-trial statement as required, the court allowed her to present evidence on the issue of child support and did not proceed by default.  Mother testified the court should not attribute any income to her because she was caring for her infant child, in addition to providing care for the parties' child during her parenting time, and was therefore not able to work.

**¶5**         The superior court attributed minimum wage to mother, calculating father's monthly child support obligation under Arizona's Child Support Guidelines as $42.99.  *See* Arizona Revised Statutes (A.R.S.) section 25-320 (2017) (Guidelines).  It determined that amount was *de minimis* and therefore found it was appropriate to deviate from the calculation and order that father's child support obligation would be zero

2

dollars. The court also ruled that neither party owed past due child support.

**¶6**          Mother timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).[1]

## DISCUSSION

### I.      Motions to Continue

**¶7**          As an initial matter, we address mother's assertion that the superior court abused its discretion and denied her due process by denying her motions to continue trial.[2]

**¶8**          In early June 2016, after the parties reached an agreement regarding all issues except child support, the superior court set a one-hour hearing on that issue. Three weeks before trial, mother asked the court to continue the trial date because she had given birth to a child with medical difficulties who had not yet been released from the hospital. Father opposed the motion, offering evidence that mother's child had been released from the hospital before she filed her motion to continue. The court denied the motion. The evening before trial, mother again asked the court for a continuance because she had recently retained counsel who wanted additional time to review the file and attempt private settlement of the child support issue. She also noted that her infant needed close monitoring and care. The court denied mother's second motion to continue.

**¶9**          Once a matter is set for trial, the superior court may not grant a continuance "except upon written motion setting forth sufficient grounds and good cause, or as otherwise ordered by the court." Ariz. R. Fam. L. Pro. 77(C)(1). We will not disturb the court's ruling on a motion to continue trial

---

[1]      We cite the current version of applicable statutes unless revisions material to this decision have occurred since the relevant events.

[2]      Although mother waived this argument by not developing it on appeal, *see* ARCAP 13(a)(7) (requiring appellant's brief to contain argument with citations to legal authority and the record); *MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33, 250 P.3d 1213, 1220 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient . . . . Opening briefs must present significant arguments, supported by authority, setting forth the appellant's position on the issues raised."), we exercise our discretion and address it.

absent an abuse of discretion. *Dykeman v. Ashton*, 8 Ariz. App. 327, 330, 446 P.2d 26, 29 (1968). Because father offered a verified pleading rebutting mother's assertion that her newborn child remained in the hospital, we find no abuse of discretion in the court's denial of mother's first motion to continue. We also find no abuse of discretion in the court's denial of mother's second motion, which was filed the evening before trial and did not show good cause why mother could not proceed on the previously-scheduled date.

## II.    The Child Support Calculation

¶10      This court generally reviews child support awards for an abuse of discretion, accepting the superior court's findings of fact unless they are clearly erroneous. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6, 49 P.3d 300, 302 (App. 2002). We review de novo the court's interpretation of the Guidelines. *Engel v. Landman*, 221 Ariz. 504, 510, ¶ 21, 212 P.3d 842, 848 (App. 2009).

### A.    Attribution of Minimum Wage

¶11      Arizona law requires a court to presume, in the absence of contrary testimony, that a parent is capable of full-time employment at minimum wage. A.R.S. § 25-320(N) (2017). The Guidelines therefore allow the court to attribute hypothetical income when one parent has "chosen not to earn income to the extent he or she is able." *Engel*, 221 Ariz. at 511, ¶ 22, 212 P.3d at 849; *see also* Guidelines § 5(E). The court must, however, consider how a parent's lack of employment will affect the children and balance that impact against the benefits of the parent's choice. Guidelines § 5(E). "The benefits must be determined on a case-by-case basis, and the court may consider such factors as whether the decision . . . (1) [is] designed to enhance future earning capacity; (2) places the children in financial peril; (3) allows a parent more needed time at home with his or her children; and (4) [is] appropriate in view of the individual needs of a particular child." *Engel*, 221 Ariz. at 511, ¶ 23, 212 P.3d at 849. If the court attributes income to the parent receiving child support, it may also attribute appropriate childcare expenses to that parent. Guidelines § 5(E).

¶12      Mother testified that she did not work because she had a newborn baby who had difficulties at birth; additionally, she needed to care for the parties' child every other week when she exercised parenting time. Mother did not present any evidence that, as of the time of trial, her infant had a medical condition or other special needs that prevented her from working or otherwise made obtaining childcare inappropriate. She

speculates that if she sought employment, the cost of childcare would meet or exceed her potential income, but did not provide any evidence regarding the childcare cost she would incur for the parties' school-aged child during her parenting time. Father presented evidence that he did not have any childcare expenses for the parties' child.

¶13 Accordingly, the superior court did not abuse its discretion by attributing minimum wage income to mother. Guidelines § 5(E); *see also Engel*, 221 Ariz. at 511, ¶24, 212 P.3d at 849 (citation omitted) (noting one purpose of attribution of hypothetical income is to deny the unemployed parent the unilateral ability to impose an enhanced obligation on the other parent by choosing not to work).

## B. Deviation/Prospective Child Support

¶14 Mother argues the superior court abused its discretion by reducing father's child support obligation from $42.99, the amount calculated under the Guidelines, to zero.

¶15 The Guidelines require a court to deviate from the child support amount derived from their application when, after considering the factors specified in A.R.S. section 25-320, applying the Guidelines would be "inappropriate or unjust" in an individual case, the deviation is not contrary to the child's best interests, and the court makes written findings stating why it deviated and what the child support obligation is after deviation and what it would have been without the deviation. Guidelines § 20(A)(1)-(5).[3]

¶16 The superior court made the findings required by the Guidelines. It noted at trial that the parties had each provided for the child, without an order of support, for many years after their separation and ruled that it did not find credible mother's assertion that she has not had consistent income or that she has no source of income. The court explained in the decree that it found deviation appropriate because father's child support obligation was *de minimis* and both parties have the resources to

---

[3] This court's recent opinion in *Nia v. Nia*, 1 CA-CV 16-0380 FC, 2017 WL 2590760, at *4, ¶ 20 (Ariz. App. June 15, 2017), states that the superior court is required to make findings regarding the factors set forth in A.R.S. § 25-320(D) when it deviates from the Guidelines. Mother did not argue that the court erred by failing to make such findings and therefore waived any such argument.

meet the child's necessities of life. It further detailed that father's child support obligation under the Guidelines would be $42.99, and after deviation it is zero. Given this explanation—which, based on our review, is supported by the record— the court made the requisite findings and did not abuse its discretion by reducing father's child support obligation to zero.

### C.      Past Due Child Support

¶17      Mother argues that Arizona law required the superior court to direct child support payments retroactive to the date father filed the petition for dissolution. Because the relevant statute only applies when the court deems child support appropriate, *see* A.R.S. § 25-320(B), and the court did not deem child support appropriate in this case, we reject mother's argument. For this same reason, the court did not abuse its discretion by not ordering retroactive child support for the three years before the filing of the petition for dissolution. *See* A.R.S. § 25-320(C).

## III.    Mother's Request for Spousal Maintenance

¶18      Finally, mother argues the superior court erred by denying her request for spousal maintenance.

¶19      By conceding in her response to the petition for dissolution that she was not entitled to spousal maintenance, mother waived her claim for maintenance. *Schwartz v. Schwerin*, 85 Ariz. 242, 249, 446 P.2d 144, 148 (1959) ("The law is well settled that an admission in an answer is binding on the party making it, and is conclusive as to the admitted fact. No evidence may be shown to contradict the admitted fact, a finding contrary thereto is erroneous.").[4] Further, the superior court did not, as mother suggests, abuse its discretion by not allowing her to amend her response on the day of trial to seek spousal maintenance because mother never requested leave to do so.[5] Moreover, we reject mother's argument that the

---

[4]      We therefore reject mother's argument that A.R.S. § 25-317(B) (2017) required the court to conduct an "independent fairness analysis."

[5]      While the admission of evidence without objection at trial will allow the court to treat the pleadings as amended to conform to the evidence, upon a party's motion, *see* Ariz. R. Civ. P. 15(b); *Starkovich v. Noye*, 111 Ariz. 347, 349, 529 P.2d 698, 700 (1974) (citations omitted), mother did not admit any evidence regarding spousal maintenance, but only submitted rebuttal

court denied her request for spousal maintenance as a sanction because she failed to comply with its order directing certain pre-trial filings, because there is no indication that the court entered its ruling as a sanction for mother's non-compliance with its order.

**CONCLUSION**

¶20 For the foregoing reasons, we affirm. Father requests an award of attorneys' fees on appeal, arguing mother's positions are unreasonable. We deny his request. We will award costs to father upon his compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

evidence on the issue of child support, *see Bujanda v. Montgomery Ward & Co.*, 125 Ariz. 314, 316, 609 P.2d 584, 586 (App. 1980) (stating that although generally amendments to conform to the evidence presented at trial are to be liberally allowed, a court should not permit amendment when one party would be prejudiced).