NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KIMBERLY PRIDDY,
*Petitioner/Appellee*,

v.

SHERMAN TERRELL MOORE,
*Respondent/Appellant*.

No. 1 CA-CV 20-0272 FC
FILED 3-11-2021

Appeal from the Superior Court in Maricopa County
No.  FC2020-050931
The Honorable Michelle Carson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Erica L. Leavitt
*Counsel for Respondent/Appellant*

Udall Shumway, PLC, Mesa
By Steven H. Everts
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G**, Judge:

¶1         Sherman Moore ("Father") appeals the superior court's order of protection against him.  We affirm the order of protection because Father shows no reversible error.

**FACTS AND PROCEDURAL BACKGROUND**

¶2         We recount the facts in the light most favorable to sustaining an order of protection.  *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).  Father and Kimberly Priddy ("Mother") share custody of their minor child, A.P.  According to a November 2018 paternity order, Mother was awarded sole legal decision-making authority over A.P., and Father received alternate weekends of parenting time.

¶3         On February 9, 2020, after A.P. returned from a weekend with Father, Mother observed a fresh cut above his eye.  A.P. said that Father "hit me" and explained what happened.  A.P. repeated the story to his uncle (a minister), a police officer and others.  On February 12, 2020, Mother petitioned for an order of protection against Father, which was granted ex parte.

¶4         Father contested the order and requested an evidentiary hearing.  Five witnesses testified at the hearing.  Mother, the uncle and the police officer testified about their conversations with A.P., repeating what A.P. told them about Father's abuse.   Father and his girlfriend ("Girlfriend") testified.  Father denied the accusation of abuse, surmising that A.P. might have been hurt at school or while roughhousing with Father's other child.  Father conceded, however, that he spanked one of his children in the past.  He argued that Mother and his other child's mother were colluding against him.

¶5         Among the exhibits, Mother introduced the November 2018 paternity order for A.P., which found that Father physically abused his other son and deemed A.P. at similar risk of abuse.  In admitting the paternity order into evidence, the superior court qualified that it would

"determine the weight and credibility to attach." Mother also introduced the police report from a March 2019 shouting match between the parties in front of A.P.

¶6        The court affirmed the order of protection, finding that Father had physically abused A.P. but calling it "a very close call." The court offered three reasons for "appellate" purposes: (1) Father offered conflicting statements and testimony, including on when A.P. was injured, (2) there was no evidence of collusion between the mothers, and (3) the consistent stories of witnesses who shared A.P.'s words, adding that a child's earlier reports are more reliable. The court also found Girlfriend unpersuasive. The court never mentioned the police report or paternity order in its decision. Along with the order of protection, the court also issued a Notice of Brady Indicator ("Brady order"), prohibiting Father from "purchasing or possessing a firearm or ammunition for the duration" of the protective order.

¶7        Father appealed the unsigned judgment affirming the now-expired protective order. The order is not moot, *see Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 14 (App. 2012), and we have jurisdiction, *see* A.R.S. § 12-2101(A)(1), (5)(b); *Barassi v. Matison*, 130 Ariz. 418, 421-22 (1981).

## DISCUSSION

¶8        We review the order of protection for an abuse of discretion, *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014), and the evidentiary rulings are reviewed for a clear abuse of discretion and substantial prejudice, *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996). "[I]t will not be presumed that an error is prejudicial so as to require reversal, [and] the prejudice must appear from the record." *Dykeman v. Ashton*, 8 Ariz. App. 327, 329 (1968).

¶9        Father argues that "Mother presented a weak case, and her Order of Protection should have been quashed." On appeal, he contends the superior court committed two evidentiary errors that require this court to vacate the order of protection.

¶10        Father first argues that A.P.'s paternity order should have been precluded as improper character evidence under Rule 404(b) because "the only purpose for its use was to improperly establish that his conduct conformed to that character trait." Father points, in particular, to the paternity court's findings that Father abused his older son and A.P. was at risk of similar abuse. Mother counters that the evidence was admissible to prove A.P.'s injury was not accidental. Father then argues the court

erroneously admitted a police report about a shouting match between him and Mother because it was not identified in her petition for order of protection and "occurred outside the 12-month window" established by A.R.S. § 13-3602(E)(2). Father contends admitting the report violated his due process rights.

¶11        Even if the evidence were inadmissible, however, Father shows no prejudice from its admission. First, the superior court never mentioned the police report or paternity order in its decision. Second, the police report described a shouting match from March 2019, less than 12 months before Mother petitioned for an order of protection in February 2020. And third, the court qualified its admission of the paternity order, explaining it would "determine the weight and credibility to attach."

¶12        The record also includes ample evidence, apart from the protective order, to support the superior court's decision. To issue the order of protection, the court only needed to find reasonable cause to believe that Father may commit an act of domestic violence or has committed an act of domestic violence within the past year; domestic violence is broadly defined to include child abuse. A.R.S. §§ 13-3602(E), -3623. The court heard from three different witnesses, including the uncle and a police officer, who heard and relayed the same story from A.P. The record also shows A.P. told a medical professional about Father's abuse. The court found these witnesses credible. On this record, we cannot conclude that Father probably would have prevailed if the police report and previous court order had not been admitted. *See Dykeman*, 8 Ariz. App. at 329 (no reversal if prejudice does not affirmatively appear in the record).

## CONCLUSION

¶13        Because Father shows no error, the order of protection is affirmed. Father and Mother seek their attorney fees and costs on appeal under Arizona Rule of Protective Order Procedure 39 and A.R.S. § 13-3602(S). We decline to award attorney fees in our discretion but award Mother her reasonable costs as the prevailing party on appeal upon compliance with ARCAP 21.